IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JANE DOE, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-23-1572 |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This case is before the Court on Plaintiff Jane Doe's[1] Motion to File Case Under Seal (the "Motion to Seal"). ECF 2. On June 9, 2023, Plaintiff filed this lawsuit alleging Due Process violations under the United States Constitution and the Maryland Declaration of Rights stemming from her ongoing involuntary admittance and medical treatment by Defendants, the University of Maryland Medical System Corporation, Baltimore Washington Medical Center, Inc. ("BWMC"), Kathleen McCollum in her official capacity as President and CEO of BWMC, Thomas J. Cummings, Jr., M.D., in his personal and official capacity as a medical professional of BWMC, and Todd Mohink, Esq., in his personal capacity (collectively, "Defendants"). ECF 1. Simultaneously, Plaintiff filed this Motion to Seal this entire case to prevent the public disclosure of Plaintiff's medical history, diagnosis, prognosis, and treatment. *Id*. No hearing is necessary to resolve this Motion. Loc. R. 105.6 (Md. 2021). For the reasons discussed below, Plaintiff's Motion

---

[1] This action was filed under seal, using Plaintiff's actual name. For the reasons explained below, this Court will refer to Plaintiff by a pseudonym in light of the fact that Plaintiff's lawsuit involves highly sensitive medical information which may cause harm to Plaintiff if disclosed publicly. *See infra* at 4-7.

to Seal will be denied, however Plaintiff will be permitted to proceed using pseudonyms for herself and her family members for the time being.

## I.  FACTUAL BACKGROUND

According to her Complaint, Plaintiff is diagnosed with Hashimoto's Thyroiditis and Non-Celiac Gluten Sensitivity, which causes changes in her mental status upon ingesting any amount of gluten. ECF 1 ¶ 45. On March 23, 2023, Plaintiff had a psychotic episode after accidentally ingesting gluten and was escorted by Police to BWMC. *Id*. ¶¶ 57-58. The Complaint alleges that she has since remained involuntarily admitted at BWMC, despite her ongoing compliance with treatment and the conclusion of an outside psychiatrist that she is not psychotic and does not pose a threat to herself or others. *Id*. ¶¶ 4-5; ECF 1-2 at 2. The Complaint asserts that Defendants have committed various substantive and procedural Due Process violations stemming from Plaintiff's initial, involuntary admission to BWMC; her continued, indefinite detention without adequate justification; and Defendants' efforts to involuntarily administer injections of antipsychotic medications. *See generally* ECF 1.

In addition to her Complaint and the Motion to Seal, Plaintiff has filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "TRO Motion"), ECF 4, which seeks to enjoin Defendants from continuing to detain her or from administering injectable antipsychotic medication against her will. A hearing on the TRO Motion is scheduled for Tuesday, June 13, 2023 at 11:00 a.m. *See* ECF 7.

## II.  DISCUSSION

A motion to seal implicates the well-settled common law right of the press and the public to access to judicial documents. *See Doe v. Pub. Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428-29 (4th Cir. 2005). This presumptive right of access is qualified, however, and a judicial officer may deny access to judicial documents

"if sealing is 'essential to preserve higher values' and 'narrowly tailored to serve that interest.'" *Buchanan*, 417 F.3d at 429 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989)). A motion to seal in this Court must also comply with Local Rule 105.11, which requires that the motion "shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." This rule "endeavors to protect the common-law right to inspect and copy judicial records and documents, while recognizing that competing interests sometimes outweigh the public's right of access." *Simpson v. Techonology Serv. Corp.*, Civ. No. DKC-14-1968, 2015 WL 6447253, at *3 (D. Md. Oct. 22, 2015) (citations omitted). Before granting a motion to seal, "the court should consider less drastic alternatives to sealing, such as filing redacted versions of the documents." *Id*.

Plaintiff's Motion to Seal asks this Court to take the unusual step of sealing this entire case, as opposed to sealing specific filings or exhibits. The Motion to Seal argues that the nature of Plaintiff's case, which revolves around her medical history and Defendants' actions since her involuntary admittance, inherently requires discussion of medical information and facts that could be stigmatizing to Plaintiff. ECF 2 ¶¶ 2, 4-5; *see Addington v. Texas*, 441 U.S. 418, 425-26 (1979) ("[I]t is indisputable that involuntary commitment to a mental hospital after a finding of probable dangerousness to self or others can engender adverse social consequences to the individual."). The Motion to Seal therefore argues that sealing is necessary to prevent the public disclosure of Plaintiff's highly sensitive medical and personal information. Plaintiff's Motion also contends that the nature of this case renders redaction impractical because "each critical filing in this matter will require the disclosure" of otherwise private medical information. *Id*. ¶ 9. For example, the Motion

3

to Seal contends that nearly 90 percent of the Complaint and 15 of the 19 exhibits attached thereto would have to be redacted to avoid improper dissemination of Plaintiff's medical information. *Id*.

Despite the considerable privacy concerns raised by Plaintiff, this Court cannot agree that proactively sealing this entire case is appropriate. Initially, Plaintiff's pleadings set forth highly serious allegations against a medical care provider and its employees which, if proven true, are of obvious interest to the public. Precluding members of the public from accessing any information regarding this case, as Plaintiff's Motion to Seal asks, fails to strike the proper balance between protecting Plaintiff's legitimate privacy interests and the public's presumptive right to access judicial records. *See Pub. Citizen*, 749 F.3d at 266 (4th Cir. 2014) ("We have cautioned district courts that the right of public access . . . may be abrogated only in unusual circumstances." (internal quotation marks omitted)).

Furthermore, prior to granting a motion to seal, this Court must consider if "less drastic" alternatives to the motion exist. *Simpson*, 2015 WL 6447253, at *3. Here, even assuming that redaction is impractical, there exists a less drastic option to sealing this entire case. Specifically, this Court concludes that Plaintiff should be permitted at this stage to proceed under a pseudonym, subject to reconsideration as this action continues forward.

To preserve the public's interest in judicial proceedings, the Federal Rules of Civil Procedure contain a presumption that an action should be prosecuted in the name of the real party in interest. *See* Fed. R. Civ. P. 10(a), 17(a). However, the Fourth Circuit has "recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including [the] use of a pseudonym." *Pub. Citizen*, 749 F.3d at 273 (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In *Jacobson*, the Fourth Circuit described five non-exhaustive factors that a Court should

consider in determining whether a plaintiff's privacy interest substantially outweighs the presumption of open judicial proceedings:

> (1) [w]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more crucially, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

6 F.3d at 238 (enumeration added). "When a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Pub. Citizen*, 749 F.3d at 274.

As to the first *Jacobson* factor, Plaintiff's Complaint asserts Defendants have unlawfully kept her admitted against her will for more than two months, even though she has cooperated with treatment, is not psychotic, and does not pose a danger to herself or to others. She further alleges that Defendants are unlawfully attempting to treat her with forced injections of antipsychotic medications. Assuming their truth at this stage, these allegations unavoidably implicate medical information of a "sensitive and highly personal nature." *See Doe v. Chesapeake Med. Sols., LLC*, Civ. No. SAG-19-2670, 2020 WL 13612472, at *1 (D. Md. Feb. 26, 2020) (finding the first factor weighed in favor of allowing the use of a pseudonym where the plaintiff's claims involved "information about the plaintiff's medical conditions"); *see also King v. State Farm Mut. Auto. Ins. Co.*, 850 A.2d 428, 434 (Md. Spec. App. 2004) (noting that cases involving information about a party's mental health are among those in which courts have traditionally allowed anonymous proceedings) (citing *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981). In this case's current

5

posture, then, the first *Jacobson* factor tips strongly in favor of allowing Plaintiff to proceed anonymously.

Additionally, this Court finds that the second *Jacobson* factor—whether identification poses a risk of physical or mental harm—also counsels in favor of permitting anonymous proceedings. Accepting Plaintiff's allegations as true, it is easy to see how public disclosure of Plaintiff's diagnosis, the events leading to her involuntary admittance, and Defendants' actions in attempting to treat her, could cause further mental harm to Plaintiff. This is particularly true in light of the risk of stigma to individuals who are involuntarily admitted. *See Addington*, 441 U.S. at 425-26; *D.L. v. Sheppard Pratt Health Sys., Inc.*, 214 A.3d 521, 540 (Md. 2019) (noting the "stigma that often attaches, however unreasonably, to a person with a mental disease).

Accordingly, this Court concludes at this stage that the first two *Jacobson* factors implicate privacy interests that substantially outweigh the presumption of open judicial proceedings. Additionally, the remaining three factors do not alter the analysis. While none of the parties in this case are juveniles, this Court declines to assign dispositive weight to the third factor given the pressing medical privacy considerations that are present. The same is true of the fourth factor, despite the fact that Plaintiff has primarily sued state entities and their employees (although two of the individual defendants are sued in their personal capacity). *See Pub. Citizen*, 749 F.3d at 274 (noting that "the public interest in the underlying litigation is especially compelling given that Company Doe sued a federal agency"). Unlike in *Public Citizen*, which involved no risk of disclosure of confidential information, Plaintiff has alleged a substantial medical privacy interest that outweighs the public's interest in knowing her identity. *See id.* at 275 (noting that "the use of a fictitious name has been permitted in cases involving the disclosure of confidential information"). Finally, regarding the fifth factor, there is no risk of prejudice to Defendants by

6

allowing this action to proceed anonymously, given that Defendants are aware of Plaintiff's identity. *See Chesapeake Med. Sols.* 2020 WL 13612472, at *2. Weighing all the factors, then, Plaintiff has alleged extraordinary circumstances which support the use of a pseudonym, at least at this stage of the proceeding.

This Court will therefore permit Plaintiff to proceed by using pseudonyms for herself and her family members in pleadings, motions, docket entries, and all written materials filed in this case. *See Chesapeake Med. Sols.* 2020 WL 13612472, at *2; *E.E.O.C. v. Spoa, LLC*, Civ. No. CCB-13-1615, 2013 WL 5634337, at *4 (D. Md. Oct. 15, 2013). The upcoming hearing on the TRO Motion will likewise proceed in public with the use of the pseudonyms. Should the parties intend to use any exhibits during that hearing, they should be sure to prepare pseudonymized versions for use in Court. Any witnesses who may testify should be instructed to refer to Plaintiff and her family members by the appropriate pseudonyms.

This Court acknowledges the somewhat unusual nature of its *sua sponte* permitting a party to proceed pseudonymously. Such relief is appropriate, however, in light of the unique circumstances of this case, which include the intensely sensitive nature of Plaintiff's allegations, the imminent hearing on the TRO Motion, and the sweeping nature of the Motion to Seal. For example, failing to immediately deny the Motion to Seal would require that the hearing on the TRO Motion be completely sealed from the public, a result that runs counter to the presumption of public access to judicial proceedings.[2] The use of pseudonyms is therefore the most practical way to balance Plaintiff's legitimate privacy concerns with the public's right of access to these

---

[2] As a result, while Local Rule 105.11 typically requires this Court to wait 14 days to rule on a motion to seal, this Court concludes that delaying the instant ruling is impractical and inappropriate. Should this Court later be convinced that continued use of the pseudonyms is unwarranted, the existing filings could be restored to their original form.

proceedings. Of course, nothing in this opinion shall prejudice Defendants from moving to oppose the use of pseudonyms as this case moves forward. Furthermore, any party may continue to move to seal specific documents that, in its opinion, are inappropriate for public disclosure even with the redaction of Plaintiff's name or other identifying information.

### III.  CONCLUSION

For the reasons explained above, Plaintiff's Motion to Seal, ECF 2, is DENIED. However, Plaintiff will be permitted to proceed using pseudonyms for herself and her family members in all written filings and at the upcoming TRO Hearing, though Defendants may move to oppose the use of pseudonyms as this case moves forward. Furthermore, Plaintiff's Complaint, the TRO Motion, and all other existing filings will remain under seal until Plaintiff files pseudonymous versions on the docket. These pseudonymous versions should be filed no later than Monday, June 19, 2023.

Dated: June 12, 2023                                    /s/
                                                        Stephanie A. Gallagher
                                                        United States District Judge